UNITED STATES of America

v.

**Joel Arturo ZAMORA.**

**Crim. No. 73–B–230.**

United States District Court,
S. D. Texas,
Brownsville Division.

Oct. 5, 1973.

Anthony J. P. Farris, U. S. Atty., Houston, Tex., and John Patrick Smith, Asst. U. S. Atty., Brownsville, Tex., for the Government.

L. Aron Pena, Edinburg, Tex., and Moises Vela, Harlingen, Tex., for defendant.

## MEMORANDUM AND ORDER

GARZA, District Judge.

Joel Arturo Zamora, a young college student, stands charged by a Grand Jury

indictment of knowingly and intentionally possessing, with intent to distribute, approximately 304 pounds of marihuana, contrary to Section 841(a)(1) of Title 21, United States Code. The Defendant filed a Motion to Suppress, and a hearing was held before the Court on September 20, 1973.

The arrest of the Defendant resulted when he was stopped by U.S. Border Patrolmen not at a regularly established check-point for an immigration check and without a search warrant. The Defendant, in his Motion to Suppress, is relying on the standards established in the recent Supreme Court decision in Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973).

Finding that the facts in this case are distinguishable from those in Almeida-Sanchez v. United States, *supra,* the Motion to Suppress is denied.

The facts relating to the stopping of the Defendant and the subsequent search and seizure of the marihuana are as follows:

On July 23, 1973, at about 12:30 a.m., Border Patrol Agents Ernesto Castro and Joe Smith were patrolling on U.S. Highway 83, which generally runs east and west, but parallels the Rio Grande River, which is the boundary between the United States and Mexico. U.S. Highway 83, along the stretch that Officers Castro and Smith were patrolling is somewhere between three and five miles from the Rio Grande River. The Border Patrol Agents observed a vehicle occupied by one male subject, the Defendant, driving north on F. M. Road 2360, from the direction of the Rio Grande River, near La Grulla, Texas, and then turn east onto U. S. Highway 83. F. M. Road 2360 intersects with U. S. Highway 83 and is a road leading from U. S. Highway 83 towards the Rio Grande River to the village of La Grulla. It does not go to the edge of the river, but at La Grulla, several dirt roads run from it to the river.

Officer Castro testified that the license plates on the car were not of the automobiles in that area; that the car was low in the back, and that the area where the car was stopped and that it was coming from is a well-known area for the smuggling of aliens into this country.

Once having stopped the automobile for an immigration check, and upon approaching the automobile, Officer Castro testified that he detected the strong odor of marihuana; that when he asked the Defendant where he was from, the Defendant became very nervous and spoke in a broken voice. He told Officer Castro that he was from Edinburg, Texas, and that he was coming from Rio Grande City. Officer Castro realized that if it were true, the Defendant had taken a circuitous route, as Rio Grande City lies on U. S. Highway 83. He then requested the Defendant to open the trunk of the vehicle. The Defendant stood there staring at the trunk and saying nothing, and was becoming extremely nervous. He again was requested to open the trunk, and when the trunk was opened, four burlap bags containing numerous brick form packages of marihuana were in plain view. The Defendant was placed under arrest, advised of his rights, transported to the Border Patrol station at Rio Grande City, Texas, and the Defendant and the contraband were turned over to Drug Enforcement Agent T. L. Bowen.

This is not a case where Border Patrolmen are roving public highways, miles away from the border, and stopping automobiles to search for illegal aliens at their whim, which is what Almeida-Sanchez v. United States condemned. This was an automobile coming from the direction of the Rio Grand River, no more than three to four miles from it, in the middle of the night, with only one visible passenger, but at the same time low in the back, as if it were loaded, and was an automobile not from that area, if Officer Castro is to be believed.

Under these facts, the Border Patrolmen had more than probable cause to stop and search the automobile for aliens. Once having stopped it, the nervous appearance of the Defendant Zamora, the odor of marihuana emanating from the automobile, gave them more than probable cause to search for and seize the marihuana in question. The Border Patrol Agents stopped the automobile on "founded suspicion", which has been described as less than probable cause. United States v. Bugarin-Casas, decided August 15, 1973, by the Ninth Circuit, in 484 F.2d 853. The stopping of the Defendant was a valid investigatory stop, and after the same, probable cause arose to make the search and the finding of the contraband.

As this Court said in United States v. Gary Duane Conner, 364 F.Supp. 1168, "If the action of the U. S. Border Patrol Agents in this case cannot be sustained and only those stopped at the regular points of entry or their equivalent, such as the check points established by the U. S. Border Patrol, can be stopped and searched, then we better make up our minds that if we are to protect our vast borders against the entrance of illegal aliens and contraband into this country, we be prepared to spend millions of dollars to assure that those who are prone to violate our immigration and smuggling laws are caught at the river's edge when they land. This Court cannot believe that this was the intended holding of Almeida-Sanchez v. United States, *supra*."

At the close of the hearing on the Motion to Suppress, counsel advised the Court that they would stipulate on the chain of custody and that the contraband seized from the Defendant was marihuana, and that on the Defendant's plea of not guilty, they would allow the Court to decide the case on the evidence heard on the Motion to Suppress.

The Defendant, Joel Arturo Zamora, on the evidence before the Court, is found guilty as charged in the indictment.